**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-7503**

ROOSEVELT BRYANT,

Petitioner - Appellant,

versus

COLIE L. RUSHTON, Warden of McCormick
Correctional Institution; CHARLES M. CONDON,
Attorney General of the State of South
Carolina,

Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Margaret B. Seymour, District Judge.
(CA-01-3598-9-24BG)

Submitted: February 12, 2003          Decided: March 7, 2003

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Roosevelt Bryant, Appellant Pro Se. Samuel Creighton Waters, OFFICE
OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roosevelt Bryant, a state prisoner, seeks to appeal the district court's order accepting the recommendation of the magistrate judge and denying relief on his petition filed under 28 U.S.C. § 2254 (2000) as time-barred.

An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2254 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 534 U.S. 941 (2001). We have reviewed the record and conclude that Bryant fails to satisfy the first prong of the test recited in Rose. Therefore, we need not determine whether the district court's procedural ruling that Bryant's petition was time-barred was correct.

Bryant fails to make any argument on appeal that his § 2254 petition states a meritorious claim of the denial of a constitutional right. Accordingly, we deny a certificate of

2

appealability and dismiss Bryant's appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3